IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TONG S., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, et al., <br><br> Respondents. | Case No. 26-cv-01604-SRB-DTS |

# ORDER

Before the Court is Petitioner Tong S.'s ("Petitioner") Petition for Writ of Habeas Corpus. (Doc. #1.) Petitioner alleges that he is a national of Laos who has resided in the United States since 1979. Petitioner alleges that he was previously held in immigration detention more than 20 years ago, for a period of several months, and was released under an Order of Supervision. Petitioner alleges that he has complied with all required check-ins since his release.

On January 9, 2026, Petitioner was allegedly placed in handcuffs and re-detained when he appeared for what he believed was a regular check-in. Petitioner argues that his immediate release is appropriate:

> Two regulations establish the process due to someone who is re-detained in immigration custody following a period of release. 8 C.F.R. § 241.4(l) applies to all re-detentions generally. 8 C.F.R. § 241.13(i) applies as an added, overlapping framework to individuals released upon good reason to believe that he or she will not be removed in the reasonably foreseeable future, as Petitioner was. These regulations permit an official to "return [the person] to custody" only when the person "violate[d] any of the conditions of release," 8 C.F.R. §§ 241.13(i)(1), 241.4(l)(1), or, in the alternative, if an appropriate official "determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future," and makes that finding "on account of changed circumstances," 8 C.F.R. § 241.13(i)(2). . . . In the case of someone released under § 241.13(i), the regulations also explicitly require the interviewer to allow the re-detained person to "submit any evidence or information that he or she believes shows there is no significant likelihood he

1

> or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision." § 241.13(i)(3).
>
> Respondents did not provide Petitioner with proper notice of the grounds for the revocation of his release, Respondents did not conduct the required initial informal interview, and Respondents did not afford Petitioner an opportunity to respond. His re-detention was therefore contrary to Respondents' regulations and unlawful.

(Doc. #1, pp. 9-10, 21.)

On February 24, 2026, the Court issued a Show Cause Order directing Respondents to file an answer to the Petition "showing cause why the writ should not be granted" and to include "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition[.]"  (Doc. #3, p. 1.) Respondents timely filed their response, arguing that "[b]ecause Petitioner has been subject to an administratively final removal order since July 15, 2004, his detention is authorized under 8 U.S.C. § 1231" and "[t]here exists a significant likelihood of Petitioner's removal in the reasonably foreseeable future and his continued detention is therefore constitutional and lawful[.]" (Doc. #4, pp. 4, 6.)

The Court agrees with Petitioner that, despite the Court's order directing Respondents "to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition," (Doc. #3, p. 1), Respondents do not dispute any of the facts alleged in the Petition, or that 8 C.F.R. §§ 241.13(i)(1) and 241.4(l)(1) applies to Petitioner.  The Court finds that Petitioner's re-detention is unlawful and immediate release is appropriate because Petitioner, having been previously released from immigration detention under an Order of Supervision, was re-detained without any notice of violation of the conditions of Petitioner's release or showing of changed circumstances, and without any notice of and opportunity to contest the bases for his removal.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Verified Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. Respondents shall immediately release Petitioner in Minnesota, but no later than 48 hours from the date of this Order.

3. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

4. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.

5. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

6. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

*/s/ Stephen R. Bough*
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: <u>March 3, 2026</u>